[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15573
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:06-cr-00022-WTH-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY TRENT SNIPES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 6, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Wesley Trent Snipes appeals the denial of his motion for a new trial and his

related motions for leave to interview jurors. Snipes filed his motions over two

years after he was convicted on three counts of willfully failing to file tax returns, in violation of 26 U.S.C. § 7203. In his new-trial motion, Snipes asserted that defense counsel received two emails from former jurors in his case that reported juror misconduct. Specifically, one of the former jurors stated that three members of the jury acknowledged, during deliberations, that they had determined that Snipes was guilty before the trial began. That former juror further explained that in order to reach a unanimous verdict, the jurors compromised by convicting Snipes on three of the lesser counts, believing that he would not receive jail time. The second former juror referenced the allegations in the other juror's email, and indicated that he or she would be willing to provide further information.

Snipes sought leave from the court to interview his former jurors concerning the allegations in the emails, arguing that they undermined his convictions. The court ultimately denied Snipes's new-trial and juror-interview motions, finding that the allegations in the emails were inadmissible under Rule 606(b) of the Federal Rules of Evidence. The court also noted that there were a number of reasons to question the veracity of the emails' allegations, including the fact that the former jurors waited more than two years to bring the misconduct to light. Snipes moved for reconsideration of the district court's decision, and the district court denied that motion as well.

On appeal, Snipes argues that the district court abused its discretion in denying his motions, raising two distinct arguments as to why his proffered emails were admissible under Rule 606(b). He first contends that the emails fell outside the Rule's general exclusion of evidence concerning the jury's deliberative process, because they were offered to show that jurors committed perjury during *voir dire* by falsely indicating that they accepted the presumption of innocence. Alternatively, he contends that even if the emails fell within the Rule's exclusionary provision, they were nevertheless admissible under the enumerated exceptions for evidence concerning improper outside influence or evidence concerning the jury's use of extraneous information.

We review the denial of a new-trial motion based on newly discovered evidence for an abuse of discretion. *United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994). We review the denial of a juror-interview motion under the same standard. *United States v. Cuthel*, 903 F.2d 1381, 1383 (11th Cir. 1990) (affirming the denial of a juror-interview motion that was filed prior to sentencing). Issues not raised in an appellant's initial brief are deemed abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). Accordingly, Snipes has abandoned any argument raised in his new-trial motion

3

other than those pertaining to the juror emails, and he has also abandoned any challenge to the denial of his motion for reconsideration.

To establish grounds for a new trial under Rule 33 of the Federal Rules of Criminal Procedure based on newly-discovered evidence, a defendant must present newly discovered evidence that satisfies the following five-part test: (1) the evidence must be discovered following trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result. *United States v. DiBernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989). Further, in order to undermine a verdict, a defendant's proffered evidence must be admissible under Federal Rules of Evidence 606(b), which governs statements made during the course of jury deliberations. *See Cuthel*, 903 F.2d at 1383.

With respect to new-trial motions based on juror misconduct, "the law both anticipates and tolerates some level of imperfection in the [jury] system." *United States v. Siegelman*, 640 F.3d 1159, 1185 (11th Cir. 2011). As a result, a defendant is not permitted to challenge his conviction by arguing that the verdict resulted from compromise, mistake, or even carelessness. *Id.* at n.36. Moreover, although it is improper for jurors to consider a defendant's potential penalty

during deliberations, proof of such conduct does not establish grounds for a new trial. *Id.* at 1187.

A defendant may establish a right to a new trial, however, by making a colorable showing that the jury based its decision on extraneous information. *See Siegelman*, 640 F.3d at 1237. Nevertheless, district courts are not obligated to investigate allegations of juror misconduct absent "clear, strong, substantial and incontrovertible evidence" that the jury committed an impropriety that might undermine the verdict. *Cuthel*, 903 F.2d at 1383

As for the evidentiary prerequisite for motions based on newly discovered evidence, Rule 606(b) codifies the long-standing common law rule against the admission of jury testimony to impeach a verdict. *Tanner v. United States*, 483 U.S. 107, 121, 107 S. Ct. 2793, 2748 (1987). As the Supreme Court has explained, the common law rule was based on the desire to preserve the integrity of jury deliberations by protecting "what was intended to be private [from becoming] the constant subject of public investigation." *McDonald v. Pless*, 238 U.S. 264, 267, 35 S. Ct. 783, 784 (1915). In its codified form, the rule generally provides that "[u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind

or emotions as influencing the juror to assent to or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith." Fed.R.Evid. 606(b).

If a statement falls under this general exclusionary provision, it may nevertheless be admissible under one of three enumerated exceptions. Fed.R.Evid. 606(b). Specifically, the Rule permits testimony concerning: "(1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." *Id.* Notably, we have held that the exception for "extraneous prejudicial information" does not permit testimony that a juror admitted, during deliberations, that she prejudged the defendant's guilt. *United States v. Venske*, 296 F.3d 1284, 1287-88, 1290 (11th Cir. 2002).

In the instant case, the district court correctly concluded that the allegations in Snipes's proffered emails were inadmissible, and that it was therefore unable to consider them in ruling on the new-trial and juror-interview motions. First, the emails fell within Rule 606(b)'s general exclusionary provision, because that provision covers "any matter or statement occurring during the course of the jury's deliberations." Second, the emails did not fall within the Rule's specifically

6

enumerated exceptions, because they did not allege outside influence, reliance on extraneous information, or a mistake in filling out the verdict form. Moreover, even if the allegations had been admissible, the district court indicated that they did not constitute clear, strong, substantial and incontrovertible evidence of the type of misconduct that would warrant a new trial. Accordingly, the district court did not abuse its discretion in denying Snipes's motions.

**AFFIRMED.**[1]

---

[1] Snipes's Motion for Leave to File Reply Brief Out of Time is GRANTED. Snipes's request for oral argument is denied.